**Roque L. BASILLOTE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1187.**

United States Court of Veterans Appeals.

April 2, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of July 25, 1990, the Board of Veterans' Appeals (Board or BVA) denied service connection for appellant's pulmonary tuberculosis, residuals of a gunshot wound, cholelithiasis and cellulitis. A timely appeal to this Court followed. On July 25, 1991, appellant filed an informal brief in which he stated his opposition to the BVA's denial of service connection for cellulitis. On August 5, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling on this motion. On September 18, 1991, the Court received appellant's reply brief. In addition, on October 7, 1991, the Court received correspondence from appellant's son.

The record contains a medical report which states that appellant was treated for cellulitis from December 16 to December 20; the year, however, is not specified. R. at 5. The report also stated that at the time of treatment, appellant had served for three years and eleven months, and was twenty-five years old. *Id.* This document

comprises the only evidence in the record in support of appellant's contention that he suffered from cellulitis while in service.

According to the record, appellant was born on August 16, 1924. R. at 1, 21. It also reveals that while appellant served in the Filipino military from April 16, 1944, to April 24, 1948, and from December 20, 1949, to July 24, 1969 (R. at 12), his service with the United States military, and thus the basis for entitlement to Veterans' Administration benefits, ended in May 1945. R. at 4, 28, 33. In its decision of July 25, 1990, the BVA found that appellant was treated for cellulitis in December 1949; it concluded, therefore, that appellant did not suffer from cellulitis either in recognized service or within the one year presumption period. 38 U.S.C. §§ 1112 (formerly § 312), 1113 (formerly § 313).

The Secretary, in his motion, argued that the BVA's finding that the medical report was written in December 1949, is supported by evidence in the record and that, if appellant was born in 1924, and was 25 years old at the time of treatment, then the treatment must have occurred in 1949. The Secretary also notes that as of December 1949, appellant was reported to have completed exactly four years of military service (April 16, 1944 to April 24, 1948), and to have just rejoined the service on December 20, 1949. R. at 12. He argues that this report is consistent with the statement on the medical report that appellant had served for three years and eleven months. Appellant, in his informal brief, argues that the report could not possibly have been written in 1949 because he was not in the service on December 16, 17, 18, and 19 of that year. Appellant claims that he began his service in 1943, and that the three years and eleven months listed on the report indicate that he was treated in December 1946, a hypothesis which would be mathematically feasible if appellant entered the service in January of 1943.

In concluding that the report was written in December 1949, the Board made a factual determination. In reviewing a finding of fact made by the Board, the Court can only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see also Gilbert*, 1 Vet.App. at 52. In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. This Court is unable to conclude that the Board erred in finding that appellant is not entitled to service connection for cellulitis because there is no record of treatment for that condition until December 1949.

Even if the Board's factual determinations were in error and appellant was treated for cellulitis in December 1946, appellant would still not be entitled to service connection. The record shows that appellant ended his service with the United States military in May 1945, more than one year prior to the date appellant alleges he received treatment. Therefore, appellant would still not be entitled to a presumption of service connection. *See* 38 U.S.C. §§ 1112, 1113.

Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *See Gilbert. See also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's mo-

tion for summary affirmance is granted and the decision of the Board is AFFIRMED.